# PLAINTIFF EXHIBIT 48

Case 4:20-cv-40060-NMG   Document 103-1   Filed 12/21/22   Page 2 of 11

Dr. Ashu Garg vs                                                    Jason Itri, M.D., Ph.D.
VHS Acquisition Subsidiary No. 7, et al.                            August 29, 2022

```
 1              UNITED STATES DISTRICT COURT
 2           FOR THE DISTRICT OF MASSACHUSETTS
 3    Civil Action No. 4:20-cv-40060-DHH
 4    - - - - - - - - - - - - - - - - - - -x
 5    DR. ASHU GARG,
 6                     Plaintiff,
 7         v.
 8    VHS ACQUISITION SUBSIDIARY NO. 7
 9    d/b/a SAINT VINCENT HOSPITAL, DAVID
10    BADER, JOHN MUKAI, and DOUGLAS BURD,
11                     Defendants.
12    - - - - - - - - - - - - - - - - - - -x
13
14      DEPOSITION OF JASON ITRI, M.D., Ph.D.
15            Conducted Remotely Via Zoom
16                  1582 Kendra Street
17               Charlottesville, Virginia
18                   August 29, 2022
19              10:05 a.m. to 5:08 p.m.
20
21    Daria L. Romano, RPR, CRR, and Notary Public
22
23
24
```

Case 4:20-cv-40060-NMG   Document 103-1   Filed 12/21/22   Page 3 of 11

Dr. Ashu Garg vs
VHS Acquisition Subsidiary No. 7, et al.

Jason Itri, M.D., Ph.D.
August 29, 2022

189

1  low, correct?
2      A.   That's correct.
3      Q.   Okay.  I'm not a radiologist, but
4  that's just logical.
5      A.   That's correct.
6      Q.   So how is that not -- efficiently
7  contemplates both turnaround time and volume,
8  doesn't it?
9      A.   Because if your turnaround time is
10 acceptable and your volume is low, you're
11 still fine as a practicing radiologist.  In
12 fact, that's the model of many academic
13 centers where they don't read high volume.
14     Q.   So I attached -- whether you want to
15 look at them or not -- but I attached in the
16 zip file two articles that you had authored
17 or coauthored:  One was on identifying
18 benchmarks and then the other one was on
19 using a web-based application.
20          Do you remember those articles?
21     A.   Yes.
22     Q.   So your testimony is that in those
23 articles, when you talked about timely
24 reporting and turnaround times and evaluating

Case 4:20-cv-40060-NMG   Document 103-1   Filed 12/21/22   Page 4 of 11

Dr. Ashu Garg vs
VHS Acquisition Subsidiary No. 7, et al.

Jason Itri, M.D., Ph.D.
August 29, 2022

190

1  that, that that doesn't get at increasing
2  speed and report volume?
3     A.   The purpose was to provide a
4  framework for making objective decisions
5  about radiologist resident volume and
6  turnaround time and discrepancy rates.
7     Q.   But the purpose of these different
8  applications was to evaluate their volume,
9  correct?
10    A.   The primary purpose was to look at
11 discrepancies.  But as an adjunct to that, we
12 looked at volume and turnaround time because
13 those can be related.  And the purpose was to
14 use objective parameters to identify
15 residents who are performing outside of what
16 you would expect the performance of a
17 resident to be so you can identify them for
18 performance improvement.
19    Q.   And so as part of that study, you
20 didn't see that -- or studies -- you didn't
21 see that residents that had a very high
22 reread rate also had a low volume?
23    A.   Those two are not related.
24    Q.   There were not related in what you

Case 4:20-cv-40060-NMG  Document 103-1  Filed 12/21/22  Page 5 of 11

Dr. Ashu Garg vs
VHS Acquisition Subsidiary No. 7, et al.

Jason Itri, M.D., Ph.D.
August 29, 2022

191

1  saw?
2     A.   They are not related, no.
3     Q.   So the -- the ones where the high
4  volume and a quick turnaround time were
5  either making tons of mistakes or not, it had
6  no relationship to the reread rate?
7     A.   No, there was no relationship to
8  the -- to the miss rate.  The one variable we
9  did find that significantly impacted miss
10 rate was the length of the shift.
11          (Pause)
12 BY MS. SAUNDERS:
13    Q.   So you did on your report -- in your
14 report, on page 16 of your report -- you did
15 address some of the issues that Dr. Garg had
16 with his interaction with patients, correct?
17 You looked at this e-mail from Gail Scott?
18 It's on page 16 of your report.
19    A.   Yes, I do reference that.
20    Q.   And she's a technologist.  Did you
21 know that?
22    A.   I think that was referenced in the
23 e-mail, yes.
24    Q.   And Rachel Markland, she was another

Case 4:20-cv-40060-NMG   Document 103-1   Filed 12/21/22   Page 6 of 11

Dr. Ashu Garg vs
VHS Acquisition Subsidiary No. 7, et al.

Jason Itri, M.D., Ph.D.
August 29, 2022

264

```
 1  COMMONWEALTH OF MASSACHUSETTS)
 2  SUFFOLK, SS.                 )
 3
 4       I, Daria L. Romano, RPR, CRR and Notary
 5  Public in and for the Commonwealth of
 6  Massachusetts, do hereby certify that there
 7  came before me remotely on the 29th day of
 8  August, 2022, at 10:05 a.m., the person
 9  hereinbefore named, who was duly sworn by me,
10  and that such deposition is a true record of
11  the testimony given by the witness.
12       I further certify that I am neither
13  related to nor employed by any of the parties
14  or counsel to this action, nor am I
15  financially interested in the outcome of this
16  action.
17       In witness whereof, I have hereunto set
18  my hand and seal this 2nd day of September,
19  2022.
20                    [signature: Daria Romano]
21                    _____
22                    Notary Public
23                    My Commission Expires
24                    February 5, 2027
```

# **PLAINTIFF EXHIBIT 49**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DR. ASHU GARG,<br>　　　　Plaintiff,<br>v.<br><br>VHS ACQUISITION SUBSIDIARY, NO. 7<br>d/b/a SAINT VINCENT HOSPITAL,<br>DAVID BADER, JOHN MUKAI, and,<br>DOUGLAS BURD<br>　　　　Defendants. | Civil Action No.: 4:20-cv-40060-DHH |

## PLAINTIFF'S SECOND SUPPLEMENTAL ANSWERS AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Plaintiff Dr. Ashu Garg ("Dr. Garg"), by his undersigned counsel and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, hereby provides the following supplemental answers and objections to Defendants' First Set of Interrogatories.

## SUPPLEMENTAL ANSWERS AND OBECTIONS

**INTERROGATORY NO. 3:**

With respect to each person whom you may call as an expert witness at the trial of this matter, provide:
 (a) His or her name, address, telephone number, area of expertise, and resume or curriculum vitae;
 (b) The subject matter on which he or she is expected to testify;
 (c) The substance of all facts and opinions to which he or she is expected to testify; and
 (d) A summary of the grounds for his or her expert opinion.

**ANSWER NO. 3:**

*Plaintiff states that he has not yet decided who he intends to call as an expert witness attrial, but expressly reserves the right to do so at a later time, and will supplement this answer to the extent required by Rule 26(e) of the Federal Rules of Civil Procedure.*

*Plaintiff further states that he may call an expert witness at trial on the subject of calculating his damages, and may also call an expert radiologist on the subject of his performance at SVH, but he has not decided who to call to testify on these subject matters. Plaintiff reserves the right to call additional experts to testify on other subject matters.*

**SUPPLEMENTAL ANSWER NO. 3:**

*Subject to the same objections as Plaintiff's original Answer No. 1, without waiving said objections, and without waiving his right to later obtain an expert on damages in accordance with the court's current scheduling order, Plaintiff states in accordance with Fed. R. Civ. P. 26(a)(2)(A) that he expects to call Jason Itri, MD, PhD ("Dr. Itri") as an expert at trial. Dr. Itri's address is 1582 Kendra Street, Charlottesville, VA 22903 and his phone number is 267-844-3195. Dr. Itri is a Board-certified radiologist with expertise in general radiology and abdominal imaging. He is also an expert in the standards of the Accreditation Council for Graduate Medical Education ("ACGME"), as applied to radiology residency programs, including the ACGME Milestones and associated competencies. More generally, he is an expert in the learning and evaluation requirements for radiology residents. Attached hereto as* **Exhibit A** *is a report by Dr. Itri pursuant to Fed. R. Civ. P. 26(a)(2)(B), which includes a copy of his curriculum vitae.*

*Dr. Itri is expected to testify regarding the ACGME standards, the application of these standards to Dr. Garg's performance evaluations during his time as a resident in Saint Vincent Hospital's radiology program, and various flaws with Dr. Garg's evaluations. Specifically, Dr. Itri will explain how Dr. David Bader and other evaluators applied ACGME standards incorrectly to Dr. Garg's evaluations, including the creation of "overlap" among the various ACGME Milestones when these are intended as distinct categories, and inappropriately focusing on subjective comments rather than objective scores. He will also explain how evaluators provided Dr. Garg contradictory feedback. It is expected that Dr. Itri will further explain how these issues impacted Dr. Garg's scores and evaluations, including the creation of inconsistencies across different evaluations and the disproportionate weighting of performance issues against Dr. Garg relative to other residents.*

*It is also anticipated that Dr. Itri will testify concerning Dr. Bader's unfair treatment of Dr. Garg. This will include that Dr. Bader failed to adequately acknowledge improvements in Dr. Garg's performance, failed to adequately address issues of unfair*

*treatment by Dr. Garg, and generally evaluated Dr. Garg more harshly than other evaluators.*

*Finally, it is anticipated that Dr. Itri will testify that Dr. Garg's progress and achievements toward the end of his residency undermine the use of prior performance issues as the basis for his poor Evaluations and termination. Based on all of these factors—including the incorrect application of the ACGME standards, the contradictory feedback, inconsistent scores, Dr. Bader's unfair treatment, and Dr. Garg's progress at the end of his residency—that overall, he believes Dr. Garg's termination from the program was unreasonable, and that Saint Vincent's did not have a reliable basis for termination.*

*Dr. Itri's opinions are based on his review of various documents exchanged by the parties during the course of this lawsuit, including the party pleadings, Dr. Garg's employment agreement, various evaluations of Dr. Garg's performance, warning letters, Dr. Garg's termination letter, recommendation letters provided to Dr. Garg, the PGY-5 renewal letter, Dr. Bader's deposition transcript in this matter, documents concerning Dr. Garg's MCAD complaint and internal appeal of his termination and various other documents and communications provided during discovery. Dr. Itri's opinions are also based on his review of the ACGME program requirements and expert literature on the Diagnostic Radiology Milestones.*

*Finally, Dr. Itri's opinions are also based on his experience on various relevant national educational committees (including the ACGME Residency Review Committee, Milestones Committee, and Clinical Learning Environmental Review Committee), several institutional and departmental educational committees (such as the Resident Education Committee, Clinical Competency Committee, GME Patient Safety/Quality Improvement and Transitions of Care Committee, and GME Faculty Development Committee), and as the Program Director for the Abdominal Imagining Fellowship at the University of Virginia.*

Signed under the pains and penalties of perjury this 9th day of May, 2022.

                                              __/s/ Ashu Garg_____
                                              Ashu Garg, M.D.

AS TO OBJECTIONS:

Respectfully submitted,
DR. ASHU GARG,
By his attorneys,

   /s/ Kavita Goyal
Kavita M. Goyal (BBO#:654013)
Matthew Perry (BBO#:703809)
ROSEN & GOYAL, P.C.
204 Andover Street, Ste. 402
Andover, MA 01810
(978) 474-0100
kgoyal@rosengoyal.com
mperry@rosengoyal.com


Dated: May 9, 2022

## CERTIFICATE OF SERVICE

      I hereby certify that on the date specified below, I served a true copy of the above document, as well as all attachments hereto, upon counsel for all Defendants, Diane Saunders Esq., by email.

                                             /s/ Matthew Perry
                                          Matthew Perry

Dated: May 9, 2022