UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DR. ASHU GARG, <br>     Plaintiff <br><br> v. <br><br> VHS ACQUISITION SUBSIDIARY, INC. <br> d/b/a SAINT VINCENT HOSPITAL, <br> DAVID BADER, JOHN MUKAI, and, <br> DOUGLAS BURD <br>     Defendants. | Civil Action No. 4:20-cv-40060-DHH |

## PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff, Dr. Ashu Garg, by and through his counsel, respectfully requests that this Honorable Court reconsider its Memorandum and Order of May 8, 2023 ("Order") granting Defendant's Motion for Summary Judgment regarding Count III of Plaintiff's Complaint (for breach of contract).[1] As detailed in the Memorandum of Law filed concurrently herewith, the Court misapprehended Plaintiff's arguments on Count III and, in so doing, clearly erred when it dismissed Plaintiff's breach of contract claim, which is in all material respects identical to the breach of contract claim that survived summary judgment in *Bulwer v. Mount Auburn Hosp.*, 86 Mass. App. Ct. 316 (2014).   In support of this Motion, Plaintiff states as follows:

1. This action concerns the termination of the Plaintiff from a radiology residency program at Saint Vincent Hospital ("SVH").

2. Plaintiff filed his Complaint against the Defendants on May 28, 2020. *See* ECF Doc. No. 1. Count III of the Complaint alleges that SVH breached its Resident Agreement

---

[1]     Plaintiff does not seek reconsideration of the Court's Order regarding any other count of the Plaintiff's Complaint.

1

    (the "Agreement") with Plaintiff, which was signed by the parties on or about September 12, 2016, and renewed on or about May 15, 2017. *Id.*

3. On October 17, 2022, Defendants moved for summary judgment on all counts of the Complaint. *See* ECF Doc. No. 73.

4. On May 8, 2023, this Court issued its Order partially granting and partially denying Defendants' motion for summary judgment. *See* ECF Doc. No. 111. The Court allowed the motion with respect to the breach of contract claim, concluding that there were no disputes of genuine fact as to whether Plaintiff's termination breached the Agreement. *Id.* at pp. 18-19, 28.

5. However, the Court did not address whether other actions by SVH aside from the termination constituted separate breaches of the Agreement. Specifically, as outlined in Plaintiff's opposition to the Defendants' motion for summary judgment:

    a. The Graduate Medical Education Generations of Excellent: Policies and Procedures Manual ("GME Manual"), which was incorporated by reference within the Agreement, provided a termination procedure for SVH to follow. Similar to the hospital in *Bulwer*, SVH failed to adhere to the termination procedure specified in the GME Manual by denying Plaintiff access to counsel and denying Plaintiff attendance at a committee meeting at the second stage of the appeal process.

    b. The standards of the Accreditation Council for Graduate Medical Education (the "ACGME Standards"), which were also incorporated by reference within the Agreement, required SVH to evaluate Plaintiff objectively. Similar to the hospital in *Bulwer*, SVH violated the ACGME Standards.

6. Accordingly, there remain genuine issues of material fact with respect to whether SVH's termination procedure and evaluation process breached Plaintiff's Agreement.

WHEREFORE, Plaintiff Dr. Ashu Garg respectfully requests that this Court grant this Motion and deny Defendant's motion for summary judgment for Count III.

|  |  |
|---|---|
|  | Respectfully submitted,<br>DR. ASHU GARG<br>By his attorneys,<br><br>  */s/ Mattherw Perry*  <br>Kavita M. Goyal (BBO # 654013)<br>Matthew Perry (BBO # 703809)<br>Rosen & Goyal, P.C.<br>204 Andover Street, Ste. 402<br>Andover, MA 01810<br>(978) 474-0100<br>kgoyal@rosengoyal.com |
| Date: June 28, 2023 | mperry@rosengoyal.com |

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2023, this document filed through the Court's electronic filing system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing. I further certify that on the same day a copy of the foregoing, along with any exhibit thereto, was emailed to Diane Saunders, Esq., counsel for the Defendants, at: diane.saunders@ogletree.com.

  */s/ Matthew Perry*  
Matthew Perry